UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL J. HEIDEMAN,

               Plaintiff,

     v.

ROCHESTER COMPUTER
RECYCLING & RECOVERY, et. al.

               Defendants.
_____

DECISION & ORDER

08-CV-6055L

       By order dated July 21, 2008, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 6).  Plaintiff Michael Heideman initiated this action alleging that defendants, among other things, have harassed, discriminated and retaliated against him on the basis of his age.  (Docket # 1).  Currently before this Court is plaintiff's motion for the appointment of counsel.  (Docket # 10).

       Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  This statute is understood to "guarantee [] meaningful access to the courts as required by the Constitution."  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)).  Unlike criminal defendants, however, civil litigants do not have a constitutional right to appointed counsel.  *Id.* (citing *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984)).  In determining whether to appoint counsel for a civil litigant, the court must first inquire whether the litigant can afford to obtain counsel.  *Id.* at 61.  *See also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d

Cir. 1994) (before considering merits of litigant's position, court must ascertain whether litigant is able to afford or otherwise obtain counsel).  If not, the court then must consider whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d at 61-62.  Once these two threshold determinations are made, "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues, and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id*. (citing *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981)).

At a recent mediation session conducted with this Court, plaintiff stated that he believed he was now in a position to hire an attorney.  Based upon this representation, plaintiff's current motion for appointment of counsel **(Docket # 12)** is **DENIED** without prejudice to renewal.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
       October   28  , 2008