UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL J. HEIDEMAN,

        Plaintiff,

v.

ROCHESTER COMPUTER RECYCLING &
RECOVERY, et. al.,

        Defendants.

---

<u>DECISION & ORDER</u>

08-CV-6055L

By order dated July 21, 2008, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 6). Plaintiff Michael Heideman ("Heideman") initiated this action alleging, *inter alia*, that defendants have discriminated against him on the basis of his age and disability. (Docket # 1). In addition, Heideman claims that defendants have violated the Occupational Safety and Health Act, as well as federal and state wage laws. (*Id*.).

Currently before this Court is Heideman's third motion for appointment of counsel, filed on December 9, 2008. (Docket # 15). This Court held a telephone scheduling conference on January 14, 2009. (Docket # 16). During that conference, I advised the parties that I was inclined to grant Heideman's motion to appoint counsel, but provided defendants an opportunity to object to the request. Defendants thereafter submitted a letter objecting to the requested appointment of counsel.

Pursuant to 28 U.S.C. § 1915(e)(1), the court has discretion to appoint counsel to represent any person unable to afford counsel. This statute is understood to guarantee "meaningful access to the courts as required by the Constitution." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (citing *Bounds v. Smith*, 430 U.S. 817, 823 (1977)). Unlike criminal defendants, however, civil litigants do not have a constitutional right to appointed counsel. *Id.* (citing *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984)). In determining whether to appoint counsel for a civil litigant, the court must first inquire whether the litigant can afford to obtain counsel. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (before considering merits of litigant's position, court must ascertain whether litigant is able to afford or otherwise obtain counsel). The Court must also look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989), and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous, but appeared to have little merit).

Once these two threshold determinations are made, "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Hodge v. Police Officers*, 802 F.2d at 61-62.

I note at the outset that Heideman is proceeding *in forma pauperis*. (Docket # 4). In addition, Heideman stated in his motion papers that he lost his job in November 2008, thus prompting him to apply again for appointed counsel. (Docket # 15). I accept that Heideman is unable to afford counsel. Based upon my review of the record to date, however, I cannot conclude that Heideman's claims are likely meritorious. Of course, only a limited number of local attorneys is available to handle cases on a *pro bono* basis. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 172 ("[e]very assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause").

I therefore decline to appoint counsel to represent Heideman throughout the course of this litigation. In view of the numerosity and complexity of his claims, I am prepared, however, to appoint him counsel for the sole purpose of advising him in connection with settlement negotiations with defense counsel. Should Heideman desire appointment of counsel for this limited purpose, he shall advise the court in writing, with a copy to counsel for defendant, by no later than **October 16, 2009**. If no such request is made, then it is Heideman's responsibility to retain an attorney or press forward with this action *pro se*.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                         MARIAN W. PAYSON
                                                    United States Magistrate Judge

Dated: Rochester, New York
       September  29 , 2009